## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **THE BRENDON THOMAS ESTATE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIV. ACT. NO. 1:25-cv-125-TFM-B** |
| ) | |
| **BRENDA Q. GANEY, *et al*.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On May 23, 2025, the Magistrate Judge entered a Report and Recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders. *See* Doc. 8. Plaintiff failed to file objections, though he submitted a document entitled "Ex Parte Verified Bill in Equity for Specific Performance, Fiduciary Enforcement, and Protective Relief." *See* Doc. 9. It in no way addresses the substance of the Report and Recommendation. Therefore, the Court declines to consider them objections, but did consider them in this review.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and

fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Since the filing of his complaint on April 1, 2025, the individual (Brendon Thomas) purporting to represented The Brendon Thomas Estate has refused to heed the multiple warnings that he cannot proceed on behalf of an entity (The Estate) and after retaining counsel to file a motion to proceed *in forma pauperis* or pay the filing fee. Even now after being warned by the Report and Recommendation that the case would be dismissed, he still has not retained counsel to proceed on behalf of The Estate. Therefore, he was adequately warned of the consequences of the failure to comply.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and this action is **DISMISSED without prejudice** for failure to prosecute and obey the Court's orders.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 19th day of September, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE